IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
(PENSACOLA DIVISION)

| | | |
|---|---|---|
| AMBER RYALS, | * | |
| PLAINTIFF, | * | |
| V. | * | CASE NO. 3:16-CV-00164-MCR-CJK |
| EQUIDATA, INC., | * | |
| DEFENDANT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S MOTION FOR DETERMINATION OF
AMOUNT OF AWARD OF ATTORNEYS' FEES
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Equidata, Inc. ("Equidata"), by counsel, and pursuant to Local Rule 54.1, 15 U.S.C. 1692k, and Fla. Stat 559.77, moves for a determination as to the amount of an award of attorneys' fees and costs against Plaintiff Equidata is entitled to against Plaintiff, Amber Ryals, and her counsel, Michael Jay Ringelheim and RC Law Group, PLLC, and states as follows:

**I.   PROCEDURAL BACKGROUND**

On April 18, 2016, Plaintiff's counsel instituted this action by filing a Complaint that was factually false, failed to state a claim for relief under either the FDCPA or FCCPA, and was apparently part of a scheme involving Plaintiff's counsel to manufacture illegitimate FDCPA and FCCPA claims for the purpose of generating nuisance settlement value for the firm and its clients.  In response, Plaintiff filed a Motion to Dismiss Complaint for Failure to State a Claim and Incorporated Memorandum of Law on June 23, 2016 (the "Motion to Dismiss"). [ECF No. 5].  On December 29, 2016, the Court granted Equidata's motion to dismiss, dismissing the FDCPA claims with prejudice and dismissing the state law FCCPA claims without prejudice,

declining to exercise supplemental jurisdiction. [ECF No. 16]. Equidata then timely filed a Motion for Determination of Entitlement to Award of Attorneys' Fees and Incorporated Memorandum of Law ("Motion for Determination of Entitlement to Fees") requesting an order of entitlement to fees and costs incurred in defending against Plaintiff's frivolous Complaint. [ECF No. 18]. On September 5, 2017, this Honorable Court granted Equidata's Motion. [ECF No. 24]. In light of the Court's ruling that Equidata is entitled to the fees and costs expended in defending against Plaintiff's baseless claim, Equidata now comes before this Court seeking a determination of the amount to which it is entitled for fees and costs.

## II. ARGUMENT

In light of the work necessary to obtain dismissal of this case and combat Plaintiff's frivolous claims, Equidata seeks fees and costs in the amount of $15,493.10, which consists of the fees in the amount of $15,454.00 and costs in the amount of $39.10. These fees were incurred in initially analyzing the facts of the case and the allegations in Plaintiff's Complaint ($2,835.00), strategizing regarding dismissal of the same and filing a Motion to Dismiss all claims ($6,846.00), engaging in limited discovery ($840.00), researching, preparing, and filing its Motion for Determination of Entitlement to Fees (which defense counsel initially considered filing as a Rule 11 motion as set forth in the attached time records) ($6,013.00), and issues related to tending to court required conferences and filings ($700.00). Of note, the undersigned counsel extended courtesy discounts to Equidata in the amounts of $1,780.00, and Equidata and the undersigned counsel are not seeking recovery of this amount in this motion. In support of its request for a determination of the amount of fees and costs, Equidata presents the following documentation to this Honorable Court in accordance with Local Rule 54.1:

1. Attached as Exhibit 1, an affidavit of the undersigned counsel, Andrew Cole, Esq., which incorporates by reference and attaches detailed invoices and time records setting out the time devoted to the case by date and task, specifically identifying the timekeeper and the timekeeper's claimed hourly rate ("Invoices"); and

2. Attached as Exhibit 2, a declaration of counsel for Equidata, William Sleeth, III, Esq., which incorporates and attaches the Invoices;

3. Attached as Exhibit 3, a declaration of counsel for Equidata, William Sleeth, III, Esq., which incorporates and attaches the Invoices;

4. Attached as Exhibit 4, an affidavit of independent attorney Sally Bussell Fox, Esq. of Emmanuel, Sheppard & Condon, P.A., addressing the reasonableness of the time and rates set forth in the Invoices. Equidata contends that Ms. Fox is an expert witness on the subject of attorneys' fees and costs, including the reasonableness of claimed time and rates for legal tasks and representation and the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

As set forth in the attached declarations and Invoices, the amount of fees and costs Equidata requests is reasonable and in accordance with the prevailing market rate. The time and tasks expended are likewise reasonable and described with a sufficient amount of detail to allow this Court to evaluate the same and apply a lodestar calculation to determine the reasonableness and amount of Equidata's requested fees and costs. The Court follows a three step process in order to determine the amount of fees to be awarded:

> First, a court asks if the plaintiff has 'prevailed' in the statutory sense.... Second, the court calculates the 'lodestar,' which is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area.... Finally, the court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the

> computation, the most important being the relation of the results obtained to the work done.
>
> The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accordance with the prevailing market rate and that the hours are reasonable.

Hoewischer v. Khazraee, M.D. Fla. No. 3:11-CV-264-J-34MCR, 2012 WL 6761657, at *1 (M.D. Fla. Dec. 6, 2012), report and recommendation adopted, M.D. Fla. No. 3:11-CV-264-J-34MCR, 2013 WL 45709 (M.D. Fla. Jan. 3, 2013). Of note, and as set forth in the undersigned counsel's affidavit, Equidata made the conscious choice to vigorously defend this abusive action rather than simply settling the case. While the fees incurred may have exceeded the settlement value of the case, they were reasonable, normal and customary for the work sought by Equidata and performed by our firm. Indeed, counsel's initial investigation revealed that this case, rather than constituting a legitimate effort by a plaintiff to redress a statutory violation, in fact appeared to constitute an effort by the Plaintiff's law firm to fabricate FDCPA claims for the purpose of enriching itself, as evidenced by the multitude of identical filings by plaintiffs in multiple jurisdictions involving different plaintiffs and defendants but exhibiting precisely the same modus operandi and underlying acts. See Motion for Determination of Entitlement to Fees [ECF No. 18].

As set forth above, Equidata has retained Sally Fox, a respected Florida attorney who has experience handing cases involving both the Fair Debt Collections Practices Act and the Florida Consumer Collection Practices Act, as an independent attorney and expert on attorneys' fees. Ms. Fox reviewed the relevant pleadings and time entries in this matter and reached the conclusion that the time expended and rates charged by LeClairRyan on the tasks involved in in this lawsuit, including defending against Plaintiff's frivolous Complaint and obtaining dismissal of the same, are normal, customary, and in line with the prevailing market rate for similar

services by lawyers of comparable experience. See Exhibit 4.

Absent a request from Plaintiff or this Court's need for additional information or testimony from Ms. Fox, it is not necessary for the parties to present live expert testimony before this Court on this matter. "A request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Thus, "[a] determination of a fee award by a district court 'solely on the affidavits in the record' is 'perfectly proper.'" Menchise v. Akerman Senterfitt, 532 F.3d 1146, 1153 (11th Cir. 2008) (quoting Norman, 836 F.2d at 1303). Any "argument that the district court [is] required to hold separate hearings regarding entitlement to fees and the amount owed has no basis in law." Gonzalez v. J.C. Penney Corp., 209 Fed. Appx. 867, 870 (11th Cir. 2006). Accordingly, unless Plaintiff requests otherwise, the Court may properly enter judgment on the amount due and owing based on the evidence in the record.

### III. CONCLUSION

**WHEREFORE**, for the aforementioned reasons, Defendant Equidata, Inc., respectfully requests that this Court enter an Order:

a. Awarding Equidata its attorneys' fees and costs in the amount of $15,493.10and against Plaintiff, Amber Ryals, and her counsel, Michael Jay Ringelheim and RC Law Group, PLLC;

b. Granting such other and further relief as is appropriate under the circumstances.

To the extent this Court requires a hearing at which Ms. Fox may need to testify, Equidata requests an award of fees and costs against Plaintiff and her counsel, which include Ms. Fox's fees for so appearing and testifying at the rate of $300.00 an hour.

Dated: October 5, 2017        Respectfully Submitted,

        */s/ Andrew Lynch Cole*
Andrew Lynch Cole
Florida Bar Number 0187496
LeClairRyan
222 Severn Avenue, Suite 42
Annapolis, Maryland 21403
Telephone:    (443) 837-1135
Facsimile:    (410) 224-0098
E-Mail: andrew.cole@leclairryan.com

*Counsel for Equidata, Inc.*

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

I hereby certify, that on December 29, 2016, I communicated by email with Plaintiff's counsel seeking *inter alia* an opportunity to discuss the issue raised in this motion. I received no response to my email.

        */s/ Andrew L. Cole*
Andrew L. Cole

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 5th day of October, 2017, copies of the foregoing, together with all exhibits and attachments, were served electronically through the Court's CM/ECF System upon all registered users who have entered an appearance in this action, including:

>Michael Jay Ringelheim, Esq.
>RC Law Group, PLLC
>285 Passaic Street
>Hackensack, NJ, 07601
>mringelheim@gmail.com

*/s/ Andrew Lynch Cole*
Andrew Lynch Cole