UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMBER RYALS,

    Plaintiff,

v.     Case No. 3:16cv164-MCR-CJK

EQUIDATA, INC.,

    Defendant.

_____/

<u>AMENDED REPORT AND RECOMMENDATION</u>

This matter is before the court for a determination of attorneys' fees and costs to be awarded defendant pursuant to the district judge's order (doc. 24) adopting the undersigned's report and recommendation (doc. 23) that Defendant's Motion for Determination of Entitlement to Award of Attorneys' Fees (doc. 18) be granted. Having the benefit of the parties' submissions, the undersigned finds defendant entitled to $15,454.00 in attorneys' fees and $39.10 in costs and recommends those amounts be awarded.

Plaintiff filed a complaint against defendant asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 59.55, alleging defendant

engaged in improper collection activities. Specifically, plaintiff claimed defendant reported a debt of hers to a credit reporting agency and then failed to remove the debt or designate it as disputed after she sent defendant a "dispute letter."

On December 28, 2016, the district judge entered an order (doc. 16) granting defendant's motion to dismiss plaintiff's FDCPA claims for failure to state a claim upon which relief can be granted and declining to exercise supplemental jurisdiction over plaintiff's state law claims, dismissing them without prejudice. With regard to plaintiff's FDCPA claims, the district judge found that "[e]ven under the most generous interpretation of [plaintiff's] Complaint, Plaintiff has not alleged that Defendant engaged in harassment, oppression, or abuse," as required to maintain a claim under 15 U.S.C. § 1692d. Doc. 16 at p. 4. The district judge also found plaintiff had not alleged facts showing defendant falsely represented any aspect of her debt or communicated with the credit reporting agencies after she disputed the debt, as required to maintain a claim under § 1692e, or alleged any action in violation of § 1692f or even addressed that section of the statute in response to defendant's motion to dismiss. Although the district judge declined to exercise supplemental jurisdiction over plaintiff's FCCPA claims, which defendant argued were preempted by the Fair Credit Reporting Act and otherwise devoid of merit, the district judge

noted plaintiff did not respond to defendant's arguments regarding her state law claims or "in any way address her FCCPA claims in her response in opposition to the motion to dismiss." Doc. 16 at p. 8.

Following entry of the district judge's order, defendant moved for attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), arguing plaintiff filed the action in bad faith and for the purpose of harassment, and Fla. Stat. § 559.77, arguing plaintiff failed to raise a justiciable issue of fact or law. Plaintiff opposed the motion, arguing it fell "short on demonstrating a violation of Rule 11 that warrants sanctions . . . " and an award of sanctions would be "unjust, unreasonable, and not warranted under the circumstances." The undersigned entered a Report and Recommendation (doc. 23), recommending defendant's motion for attorneys' fees be granted. The district judge adopted the report and recommendation (doc. 24) and allowed defendant 30 days in which to submit materials in support of its attorneys' fee request and plaintiff 30 days thereafter in which to respond.[1]

---

[1] Under this court's local rules, once the court awards fees, the party to whom fees were awarded shall file

> [a] declaration setting out the time devoted to the case by date and task, specifically identifying the timekeeper and the timekeeper's claimed hourly rate. The declaration must include sufficient detail to allow a determination of reasonableness. And the declaration must include sufficient detail to allow the maximum feasible separation of

Defendant submitted affidavits from the 3 attorneys who worked on the matter, as well as a local attorney who testified to the reasonableness of the fees requested. Plaintiff responded in opposition. Challenging both the hourly rates and the number of hours billed, plaintiff argues a reasonable award would be $3,436.10.

In determining the amount of fees to be awarded,"Florida follows the lodestar approach as developed by federal case law." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1148 (11th Cir. 1993) (*citing Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), and *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla.1985)). Under the lodestar method, an award of attorneys' fees is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Hence, "[t]he first step in a lodestar analysis is to establish the reasonable number of hours for which the prevailing party's attorneys are entitled to compensation. At that point, and before the attorneys submit their fee request, they

---

       time devoted to matters that are and are not compensable and matters
       on which the party did and did not prevail.

N.D. Fla. Loc. R. 54.1(E)(1). The prevailing party also must file "[a] declaration of an independent attorney addressing the reasonableness of the claimed time and rates." *Id.*

must exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Resolution Trust*, 996 F.2d at 1149 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The Florida Supreme Court has set forth the following factors to consider when determining the reasonableness of attorneys' fees:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Quanstrom*, 555 So. 2d at 834 (*quoting Blanchard v. Bergeron*, 489 U.S. 87, 91 n.5 (1989)).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Norman*, 836 F.2d at 1303. The party opposing the fee request then "has the burden of pointing out with specificity which hours should be deducted."  *Centex-Rooney Const. Co., Inc. v. Martin Cty.*, 725 So. 2d 1255, 1259 (Fla. 4th DCA 1999); *see also Norman*, 836 F.2d

Page 6 of 9

at 1301.

According to the affidavits of Andrew L. Cole, William W. Sleeth, and Alexander R. Green, with the law firm of LeClairRyan, A Professional Corporation, the firm spent 50.80 hours defending the matter, at hourly rates of $280.00 for Mr. Cole and Mr. Sleeth, both of whom are partners, and $210.00 for Mr. Green, who is a fifth year associate.[2] Plaintiff argues defendant's counsel billed excessive, redundant, and unnecessary hours and engaged in block billing. Plaintiff sets forth a number of time entries she contends are improper and should be disallowed. According to plaintiff, a first year associate, who bills at a rate far lower than Mr. Cole and Mr. Sleeth, could have handled the matter. Plaintiff proffers that a reasonable hourly rate is $210.00.

A reasonable hourly rate is based upon "'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (*quoting Norman*, 836 F.3d at 1299). An applicant may meet its burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.3d at 1299.

---

[2] The firm discounted defendant's bill by $1,780.00, which it does not seek to recoup.

Case No. 3:16cv164-MCR-CJK

In addition, as the Eleventh Circuit noted, "the court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

Defendant submitted an affidavit from Sally Bussell Fox, a local attorney with experience in cases involving claims under the Fair Debt Collection Practices Act and Florida Consumer Practices Act, who declared that $15,900.00 is a reasonable fee for the services defendant's counsel provided in this matter and that both the hourly rates and number of hours billed are reasonable. The undersigned finds the number of hours billed and hourly rates reasonable as well. Contrary to plaintiff's assertions, the amount of time spent on the tasks billed is neither excessive, redundant, nor unnecessary, and defendant's counsel did not engage in improper block billing that precluded meaningful review. When multiple lawyers work on a case, which is customary in law firms, there necessarily will be some overlap. That overlap was not excessive or unnecessary in this case. Moreover, the hourly rates are well within the range of prevailing rates in the area. A firm is not required to utilize its most junior associate capable of handling a case. In fact, it ultimately is the client's decision who

Case No. 3:16cv164-MCR-CJK

handles a case. Here, defendant considered the lawsuit frivolous from its inception and chose to vigorously defend, no doubt hoping to obtain just the sort of conclusive judicial pronouncement as in fact resulted. The defendant was within its right in doing so and should not be short-changed for its decision in that regard. The undersigned thus finds defendant should recover the amount of fees and costs requested.

    Accordingly, it is respectfully RECOMMENDED as follows:

    1.    That defendant be awarded $15,454.00 in attorneys' fees and $39.10 in costs.

    2.    That plaintiff be required to remit that amount to defendant, through defendant's counsel, within 30 days of the date of the order adopting this Report and Recommendation.

    3.    That the Clerk be directed to close the file for administrative purposes and, upon the expiration of sixty (60) days without activity, close the case in its entirety for all purposes.

    At Pensacola, Florida this 15th day of November, 2017.

    /s/ *Charles J. Kahn, Jr.*
    **CHARLES J. KAHN, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

Case No. 3:16cv164-MCR-CJK

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**